**Valerie V. MUNDT, Appellant,**

v.

**NORTHWEST EXPLORATIONS, INC., and Richard Dean, Appellees.**

No. S–7663.

Supreme Court of Alaska.

Nov. 7, 1997.

---

Douglas L. Blankenship, Law Offices of Douglas L. Blankenship, Fairbanks, for Appellant.

Elliot T. Dennis, Pletcher, Weinig, Moser & Merriner, Anchorage, for Appellee Northwest Explorations, Inc.

No appearance by Appellee Richard Dean.

Before COMPTON, C.J., and MATTHEWS, EASTAUGH, FABE and BRYNER, JJ.

## OPINION

COMPTON, Chief Justice.

## I. INTRODUCTION

Valerie Mundt appeals the superior court's refusal to permit her to intervene in a motion to invalidate deeds to property in which she claims an interest. We reverse, and remand the case for further proceedings.

## II. FACTS AND PROCEEDINGS

This action represents the latest chapter in a lengthy dispute between Daniel Ashbrook and Northwest Explorations, Inc. (Northwest) concerning certain parcels of land. In 1990, while litigation between Ashbrook and

Northwest proceeded, Northwest recorded a *lis pendens* on parcels held in Ashbrook's name. Ashbrook later conveyed by deed several of those parcels to Valerie Mundt. Eventually he declared bankruptcy.

In December 1992, the superior court entered a final judgment approving a settlement agreement between Ashbrook and Northwest. The agreement provided for an exchange of land between Ashbrook and Northwest. Ashbrook appealed the entry of that judgment. This court affirmed the decision of the superior court. *Ashbrook v. Northwest Explorations, Inc.*, Mem. Op. & J. No. 0726 (Alaska, June 22, 1994). Ashbrook contested the agreement in a second suit, which ultimately failed. Mundt filed a separate action attempting to re-litigate issues resolved in the prior judgments against Ashbrook, which was also dismissed. In 1994, the superior court entered an order requiring Ashbrook and Northwest to perform their duties under the agreement.

In 1995, Northwest filed a post-judgment motion to quiet title to the parcels it had received under the agreement, and to invalidate all deeds conveying those parcels from Ashbrook to parties other than Northwest.[1] Mundt, who was not a party to the action, received a copy of the motion and all relevant documents. She took no action in response. The superior court granted Northwest's motion over Ashbrook's objections, and issued an order which included invalidating the deeds conveying the parcels from Ashbrook to Mundt.

Following the grant of Northwest's motion, Mundt sought to intervene as of right. Mundt contended that the quiet title order invalidated Mundt's claim not only to parcels in which Northwest claimed an interest under the agreement, but also to additional parcels which Ashbrook had transferred to Mundt by the deeds now invalidated by the order. The superior court refused to permit Mundt to intervene. Mundt filed a motion for reconsideration, which the superior court denied. This appeal followed.

## III. DISCUSSION

### A. Standard of Review

■ A lower court's decision on a motion to intervene is reviewed for an abuse of discretion. *State v. Weidner*, 684 P.2d 103, 113 (Alaska 1984).

### B. The Superior Court Erred by Refusing to Permit Mundt to Intervene.

■ Alaska Rule of Civil Procedure 24(a) provides:

> Upon timely application anyone shall be permitted to intervene in an action when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

We have adopted a four-part test for determining whether a trial court is required to grant intervention as of right. *Weidner*, 684 P.2d at 113. Under that test, "(1) the motion must be timely; (2) the applicant must show an interest in the subject matter of the action; (3) it must be shown that this interest may be impaired as a consequence of the action; and (4) it must be shown that the interest is not adequately represented by an existing party." *Id.*

The superior court denied Mundt's application because she had failed to satisfy two of these criteria, by filing an untimely application and by failing to demonstrate that Ash-

---

1. In 1989 Ashbrook brought suit against Northwest and other defendants in the original action, 4FA–89–1978. Northwest counterclaimed against Ashbrook. A settlement agreement was negotiated between them. The superior court entered a final judgment, based upon its determination of the settlement between Ashbrook and Northwest. Ashbrook pursued an appeal from that final judgment, which was affirmed on June 22, 1994. *Ashbrook v. Northwest Explorations, Inc.*, Mem. Op. & J. No. 0726 (Alaska, June 22, 1994). In 1995, Northwest brought a separate suit, 4FA–95–714, to quiet title, naming Ashbrook and Mundt as defendants. Ashbrook and Mundt asserted as affirmative defenses in that suit that only Judge Richard D. Savell had jurisdiction to resolve the issues in the original suit. Thereafter, Northwest sought to quiet title through a post-judgment motion in the original suit.

brook had not adequately represented her interests.[2] We conclude that Mundt in fact satisfies all four criteria of this test, and therefore should have been permitted to intervene.

### 1. *Mundt's application to intervene was timely.*

No Alaska case establishes clear standards for determining when a motion is timely, although federal cases [3] indicate that this determination lies within the discretion of the trial judge. *See, e.g., United States v. United States Steel Corp.*, 548 F.2d 1232, 1235 (5th Cir.1977). Applications for intervention have been deemed timely when made within a few days of the motion which the applicant wishes to challenge. *Keating v. Traynor*, 833 P.2d 695, 696 n. 2 (Alaska 1992) (holding that *pro se* litigant's informal request for intervention was timely when made within a few days of motion which litigant wished to challenge). Applications made after the conclusion of litigation normally are not timely, absent a showing of justification for the litigant's failure to act more promptly. *See Hertz v. Cleary*, 835 P.2d 438, 441 (Alaska 1992) (holding that putative class member's application to intervene was untimely when filed after settlement negotiations in class action were "substantially concluded"); *see also United States v. Associated Milk Producers*, 534 F.2d 113, 116 (8th Cir.1976) ("The general rule is that motions for intervention made after entry of final judgment will be granted only upon a strong showing of entitlement and of justification for failure to request intervention sooner."). However, an applicant may intervene following a party's decision not to pursue an appeal, when the applicant wishes only to pursue an appeal. *McCormick v. Smith*, 793 P.2d 1042, 1044 (Alaska 1990) (holding that application

to intervene was timely when applicants wished to intervene only to take an appeal, and when they intervened five days after the party decided not to take an appeal).

Although Mundt received a copy of Northwest's motion, the record is unclear as to whether Mundt knew that her parcels would be affected by the litigation until the order which invalidated her interest in those parcels was issued. In Northwest's motion to quiet title, it requested only an order "invalidating certain deeds which create clouds on its title." Northwest also informed the court that it sought an order invalidating deeds "which conflict with deeds to Northwest." However, the order which was ultimately issued invalidated Mundt's claim not only to parcels in which Northwest claimed an interest, but also to parcels in which Northwest did not claim an interest, which Ashbrook had transferred to Mundt by the deeds invalidated by the order. Mundt did act promptly following the issuance of that order, by applying for intervention within ten days of the entry of the order.[4] Mundt's application therefore was timely, notwithstanding the fact that it was filed after entry of final judgment.

### 2. *Ashbrook did not adequately represent Mundt's interests.*

Under Alaska law, parties may intervene as of right only if existing parties will not adequately represent their interests. Alaska R. Civ. P. 24(a) (stating that intervention of right is not allowed if "the applicant's interest is adequately represented by existing parties"). "[I]nadequacy is proven by a showing of collusion, adversity of interest, possible nonfeasance, or incompetence." *McCormick*, 793 P.2d at 1045 (internal quota-

---

**2.** Mundt satisfies the other two criteria in that she possessed an ownership interest in the parcels which would be eliminated by the order she wished to challenge. Northwest claims that Mundt had no protectable interest in the parcels in question, because she received them through a "highly suspect" conveyance. Since Northwest has not obtained any judicial determination that Mundt's interest stems from a void or voidable conveyance, this contention fails.

**3.** Federal Civil Rule 24, which governs intervention as of right, differs from Alaska Civil Rule 24

only in that the federal rule expressly authorizes intervention in the event that a federal statute confers an unconditional right to intervene.

**4.** Mundt acted well within the period allowed for other post-judgment actions. *See, e.g.*, Alaska R. Civ. P. 59(b) (requiring motion for new trial to be made within ten days of entry of judgment); *see also* Alaska R.App. P. 204(a)(1) (requiring appeal to be taken within 30 days of final judgment).

tion and emphasis omitted) (holding that failure to take appeal rendered representation inadequate); *see also Matter of J.R.S.*, 690 P.2d 10, 18–19 (Alaska 1984) (holding that Native village was permitted to intervene in adoption proceeding because guardian *ad litem* represented interests of child, not of preferences contained in Indian Child Welfare Act which village attempted to protect). Ashbrook's interests were not coextensive with those of Mundt, since he would receive title to the parcels in question if the deeds conveying them to her were invalidated. Ashbrook had no particular interest in arguing the overbreadth of the quiet title order to the court below, and he in fact did not do so vigorously.[5] Mundt's interests therefore were not adequately represented by any existing party.

## IV. CONCLUSION

Mundt satisfies all of the criteria for intervention as of right, and should have been permitted to intervene in the proceedings below. The decision of the superior court is therefore REVERSED, and the case is REMANDED for consideration of the merits of Mundt's claim.

---

**5.** Ashbrook did argue that an order quieting title "should extend only to the properties to which Northwest is entitled. Northwest has no right to invalidate deeds, or even parts of deeds, which do not affect it." However, this statement comprised the entirety of his argument on this point.