RED TOP MINING, INC., Appellant,

v.

Mike R. Mark ANTHONY, Appellee.

No. S–7973.

Supreme Court of Alaska.

July 30, 1999.

---

William R. Satterberg, Jr., Law Offices of William R. Satterberg, Jr., Fairbanks, for Appellant.

Michael A. MacDonald, Downes, MacDonald & Levengood, Fairbanks, for Appellee.

Before MATTHEWS, Chief Justice, EASTAUGH, FABE, BRYNER, and CARPENETI, Justices.

## OPINION

CARPENETI, Justice.

### I. INTRODUCTION

Red Top Mining, Inc. appeals the superior court's denial of three of Red Top's motions: (1) a motion to set aside a "default" judgment; (2) a motion to reconsider that ruling; and (3) a motion to intervene. Because the superior court correctly resolved each of these matters, we affirm.

### II. FACTS AND PROCEEDINGS

In August 1993 Mike Mark Anthony filed a quiet title action on the "Doherty Claim," a mining claim located outside of Fairbanks. Anthony's complaint sought to quiet title against named individuals and their heirs and "all persons unknown claiming any right, title, and interest in [the Doherty Claim]." Anthony did not name Red Top in the action.

Anthony alleged that he owned the Doherty Claim via a quitclaim deed Red Top executed to him in May 1992. Anthony, claiming to be president of Red Top, had signed the quitclaim deed to himself as payment for debts he asserted that Red Top owed him. Anthony contended that Red Top had acquired title in one of two ways: first, as a successor in interest, it had acquired title through an option contract that was originally executed in 1937; or alternatively, it owned the claim through adverse possession.

Anthony's quiet title action was vigorously contested through trial by the named defendants, heirs of the individuals who originally owned the Doherty Claim. The defendants denied that title had ever passed to Red Top via the option contract entered into by Red Top's predecessors; specifically, they contended that Red Top had never fulfilled the terms of the option contract. Moreover, they contended that Anthony could not prove his claim of adverse possession.

A five-day bench trial took place in April 1996. In a Memorandum and Decision issued in September 1996, the trial court vested title in Anthony. The court held that the heirs were precluded by the statute of limitations from making the option contract claim. Further, the court found that Red Top had met the requirements for gaining title via adverse possession and that Anthony's title was thus good as Red Top's successor. Neither of these two rulings is the subject of this appeal. Red Top did not appear in any capacity at the trial.

On December 4, 1996, an entity purporting to be Red Top filed an answer to Anthony's 1993 quiet title complaint. "Red Top" also

moved to set aside the default it asserted the court had entered against it, although no formal default judgment had been entered. Red Top alleged, among many other things, that Anthony was not legally authorized to transfer the Doherty Claim to himself or anyone else. Thus, Red Top argued that the transfer from Red Top to Anthony was a nullity.

On December 18, 1996, the trial court issued a decree quieting title in favor of Anthony. This decree quieted title against both the heirs and against all persons "unknown." Red Top was not mentioned in the decree.

Red Top filed a motion for reconsideration of this decree on December 30, 1996. The court held a hearing on this motion on January 2, 1997. There the court:

(1) Ruled that Red Top was not a party to the quiet title suit.

(2) Stated that the lawsuit was not a quiet title action against Red Top because Red Top was known but not named as a party to the suit. The court reasoned that Red Top was known because Anthony had title from Red Top. Whether that title was valid or not, the court ruled, was "a different issue" and any challenge of that title transfer would be a "different suit."

(3) Stated that it was not ruling on any rights concerning the relationship between Red Top, the shareholders, and Anthony.

(4) Suggested that Red Top's "real claim" was a shareholders' action against Anthony for the alleged improper transfer.

(5) Stated that if the transfer of the Doherty Claim to Anthony was not valid then Red Top stood in the shoes of Anthony and would have title to the property.

(6) Advised that if Red Top wanted to "get in this lawsuit" it should file a motion to intervene.

Anthony argued that the December 18, 1996 decree quieted title as to everyone known and unknown, including Red Top, and that the court's decree said that Red Top has no interest in the property. The court agreed that Red Top had no present interest in the property *unless* the transfer was invalid; if that were the case, the court stressed that its ruling did not "prejudic[e] any rights that Red Top may have."

Red Top filed a motion to intervene on January 7, 1997, arguing:

Although separate litigation can certainly be filed to address this issue under the status of the court's most recent rulings of January 2, 1997, and the statute of limitations has yet to run with respect to the transactions, it is nonetheless wise to have the entire matter resolved before this trial court in the context of this current proceeding, so that any appellate practice can be resolved once and for all as between all parties without the need for separate lawsuits, separate courts, and potentially conflicting rulings.

The court denied this motion on March 7, 1997.

We decline to address the quagmire of issues surrounding the existence, or non-existence, of Red Top Mining; who, if anyone, had the right to control it; and whether Anthony had the authority to transfer the Doherty Claim. Although the litigants brief them, those issues are not, at this time, before us and are not relevant to the disposition of this case.

Appeal has been taken from the following actions of the trial court: (1) denial of Red Top's motion to set aside the "default" judgment; (2) denial of its motion to reconsider that ruling; and (3) denial of its motion to intervene. It is these matters which we must decide.

## III. *DISCUSSION*

### A. *Standard of Review*

We review the superior court's refusal to set aside entry of default and default judgment for abuse of discretion.[1] We have held that "[a]n abuse of discretion will only be found by this court when we are left with a definite and firm conviction, after reviewing the whole record, that the trial court erred in

---

1. *See Melendrez v. Bode,* 941 P.2d 1254, 1256 (Alaska 1997)(citing *Murat v. F/V Shelikof Strait,* 793 P.2d 69, 73 (Alaska 1990); *Peter Pan Sea-*

*foods v. Stepanoff,* 650 P.2d 375, 378–79 (Alaska 1982)).

its ruling."[2] We review denial of a motion to intervene on timeliness grounds for abuse of discretion.[3]

B. *The Trial Court Did Not Abuse Its Discretion in Refusing to Set Aside the "Default" Judgment against Red Top and by Refusing to Reconsider that Ruling.*

Alaska Rule of Civil Procedure 55(a)(1) provides that a default judgment for *affirmative relief* may be entered against *a party* who has failed to appear or otherwise defend. However, in this case no default judgment, actual or constructive, was entered against Red Top. Therefore the trial court did not abuse its discretion by refusing to set aside a non-existent default judgment.

First, no affirmative relief was assessed against Red Top. To the contrary, the court expressly reserved Red Top's claims against Anthony, noting that it was not "prejudicing any rights that Red Top may have." Although Anthony's original complaint asked "that the deed executed by Red Top Mining be declared to be a valid conveyance, vesting fee simple title in the Plaintiff" the trial court noted *nine times* in the course of the hearing on January 2 that it was not ruling on the validity of that conveyance.

Second, the trial court correctly ruled that Red Top was not a party to the suit since Red Top was neither: (1) a named party or heir of a named party; nor (2) an "unknown person" because Anthony received title from Red Top and thus could not be unknown. Therefore, the court correctly ruled that title was not quieted against Red Top.

C. *The Trial Court Did Not Abuse Its Discretion by Denying Red Top's Motion to Intervene.*

Red Top sought to intervene as a matter of right pursuant to Civil Rule 24(a).

Red Top does not argue that it was entitled to permissive intervention under Civil Rule 24(b). We have established that a motion to intervene as a matter of right must, among other things, be timely.[4]

Red Top argues that its motion to intervene some eight months after the end of the trial was timely. As previously noted, we have held that there are no fixed standards for determining when a motion to intervene as a matter of right is timely; rather, the determination lies "within the discretion of the trial judge."[5] Of particular significance to this case is the rule that "[a]pplications made after the conclusion of litigation normally are not timely, absent a showing of justification for the litigant's failure to act more promptly."[6] Red Top makes no adequate showing of justification here.

Red Top does not argue that as an entity it did not know of Anthony's quiet title action. Instead it argues that because one of Red Top's shareholders, Nira Ingle, did not know of the transfer of the Doherty Claim to Anthony, this lack of notice should be imputed to the entire enterprise. This argument is unpersuasive, because it is clear that several of Red Top's shareholders did know of the transfer.

Alternatively, Red Top argues that it only "can be held to have been put on notice" of Anthony's action as of January 2, 1997, the day when it learned that Anthony was seeking to quiet title against Red Top as well as the heirs and those unknown. This argument lacks merit. First, although Anthony did ask to have title quieted against Red Top on January 2, 1997, the trial court, as mentioned above, expressly stated nine times that any property interests in the Doherty Claim Red Top might have *were not* affected by the court's ruling.

Second, this notice argument is at best disingenuous, given that Red Top sought to

**2.** *Id.* (quoting *Peter Pan Seafoods v. Stepanoff,* 650 P.2d 375, 378–79 (Alaska 1982)(internal quotation marks omitted)).

**3.** *Mundt v. N.W. Explorations, Inc.,* 947 P.2d 827, 830 (Alaska 1997)(citing *United States v. United States Steel Corp.,* 548 F.2d 1232, 1235 (5th Cir. 1977)).

**4.** *See State v. Weidner,* 684 P.2d 103, 113 (Alaska 1984)(citing *Foster v. Gueory,* 655 F.2d 1319, 1324–25 (D.C.Cir.1981)).

**5.** *Mundt,* 947 P.2d at 830 (citation omitted).

**6.** *Id.* (citing *Hertz v. Cleary,* 835 P.2d 438, 441 (Alaska 1992)).

set aside the entry of default on December 4, 1996. Its claim now that it did not have notice until almost one month later is unpersuasive.

Third, two Red Top shareholders, Erelendson and Grey, had notice of Anthony's quiet title action in 1994 when they signed affidavits that challenged the validity of the Doherty claim conveyance to Anthony. These affidavits were used by the heirs to challenge Anthony's title. Since at least some of the Red Top shareholders had notice of the quiet title action in 1994, Red Top could have sought to intervene at that time instead of in 1997.

## IV. CONCLUSION

Since no default judgment, actual or constructive, had been entered against Red Top, the trial court did not err in refusing to set aside a non-existent judgment. Likewise, Red Top's motion to intervene in the case was untimely. Furthermore, Red Top acknowledges that at the time of the filing of these motions the statute of limitations did not preclude it from filing a separate cause of action against Anthony. Therefore, the superior court did not abuse its discretion. AFFIRMED.