*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| CAROL HOPPER and ELIZABETH ROLLINS, Co-Conservators for TERRY STAHLMAN, | ) ) ) | Supreme Court No. S-16051 |
| | ) | Superior Court No. 4FA-12-01326 CI |
| Appellants, | ) | |
| | ) | O P I N I O N |
| v. | ) | |
| | ) | No. 7146 – January 13, 2017 |
| ESTATE OF JAMES GOARD, | ) | |
| | ) | |
| Appellee. | ) | |

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Michael A. MacDonald, Judge.

Appearances: Carol Hopper, pro se, Anchorage, and Elizabeth Rollins, pro se, North Pole, Appellants. No appearance by Appellee Estate of James Goard.

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

BOLGER, Justice.

## I.     INTRODUCTION

Two co-conservators filed a motion to intervene in a lawsuit involving their ward in order to seek relief from a judgment based on a settlement agreement. The superior court denied the motion, and the co-conservators now appeal. We conclude that

the co-conservators were entitled to intervene as a matter of right under Alaska Civil Rule 24 and that the denial of their motion to intervene was not harmless error. Accordingly, we reverse the superior court's order denying the motion to intervene and remand for further proceedings.

## II.    FACTS AND PROCEEDINGS

Terry Stahlman and James Goard became business partners in the 1980s. They relied on a verbal agreement and what became longstanding practice to split profits, losses, and management duties. Things ran smoothly until late 2010, when Goard visited Stahlman, who had been diagnosed with a potentially terminal illness, in the hospital. Soon after, Goard allegedly stopped sending reports to Stahlman and, eventually, making deposits in the partners' bank account.

Stahlman — self-represented — filed suit against Goard in March 2012, alleging that Goard took advantage of him after learning of his illness. He sought more than $80,000 in damages. Goard counterclaimed, seeking over a million dollars in damages as well as injunctive relief. Goard died shortly thereafter, and his estate took over the litigation.

The case languished for about two years until the parties eventually participated in a settlement conference on June 18, 2014. Stahlman was assisted by Robert Alexander, who claimed to be a friend holding power of attorney for Stahlman. It is unclear from the transcript whether the court received or examined any document confirming Alexander's power of attorney. Both Stahlman and Alexander participated telephonically, and Stahlman barely spoke. During the conference, Goard's estate produced a copy of a settlement agreement bearing Stahlman's notarized signature dated May 30, 2014, in Fairbanks; the agreement was also signed by Alexander and the personal representative for Goard's estate. In relevant part the settlement agreement awarded three pieces of property to Goard's estate, one of which was to be sold with a

portion of the proceeds split between Stahlman and Alexander. On August 22, 2014, the court entered final judgment based on the agreement.

But on May 27, 2014, a few days before the settlement agreement was signed, Elizabeth Rollins petitioned for conservatorship for Stahlman due to perceived deterioration in his mental and physical faculties.[1] Stahlman had been hospitalized in December 2013; during the first half of 2014, he underwent three surgeries and was prescribed "extreme narcotic pain medication." On August 5, before final judgment was entered in the Goard matter, the probate court held a hearing in the conservatorship proceeding, which Alexander attended and refused to leave until the court ordered him out. Rollins and Carol Hopper were appointed temporary co-conservators at the hearing, and the co-conservatorship became permanent in May 2015.

The co-conservators first learned about the settlement agreement in the Goard matter in early May 2015, almost nine months after entry of final judgment. On May 27, 2015, Rollins, self-represented and in coordination with her co-conservator, moved to reopen and reconsider the settlement on behalf of Stahlman. The co-conservators alleged that Stahlman did not sign the settlement agreement and could not have been in Fairbanks on May 30, 2014 — the day his signature on the settlement agreement was purportedly notarized in Fairbanks — due to his limited mobility; that they were not advised of the settlement; and that the other parties to the settlement were aware of Stahlman's incapacity and, essentially, had taken advantage of him. Goard's estate did not oppose the motion. The superior court considered this filing to be separate motions to intervene and to reconsider the settlement, and it denied both motions without explanation in early June.

---

[1]     *In re Stahlman*, No. 3AN-14-01234 PR (Alaska Super., May 27, 2014).

The co-conservators appeal.[2] Goard's estate did not appear in any part of the proceedings involving the co-conservators.

## III.   DISCUSSION

Alaska Civil Rule 24(a) provides for intervention as of right in certain situations. "We favor allowing access to courts and will liberally construe [this rule]."[3] But if denial of a motion to intervene was harmless error, we need not review it.[4]

In *State v. Weidner* we articulated a four-part test to determine whether a court must grant a motion to intervene as of right:

> (1) the motion must be timely; (2) the applicant must show an interest in the subject matter of the action; (3) it must be shown that this interest may be impaired as a consequence of the action; and (4) it must be shown that the interest is not adequately represented by an existing party.[5]

In reviewing a trial court's denial of a motion to intervene as a matter of right, "we apply our independent judgment 'if timeliness is not at issue and if the facts relevant to

---

²       The co-conservators challenge the denial of both motions and ask us to "reverse the [s]ettlement agreement." Although we review the denial of their motion to intervene, we do not reach their other arguments because "[a] failed intervenor has standing to appeal only the denial of intervention" and not the merits of the adjudication. *Scammon Bay Ass'n v. Ulak*, 126 P.3d 138, 142 (Alaska 2005).

³       *Alaskans for a Common Language, Inc. v. Kritz*, 3 P.3d 906, 912 (Alaska 2000).

⁴       *See, e.g., Alaska Christian Bible Inst. v. State*, 772 P.2d 1079, 1081 (Alaska 1989).

⁵       684 P.2d 103, 113 (Alaska 1984). This test closely tracks the text of the rule. *See* Alaska. R. Civ. P. 24(a).

intervention are not disputed because then only questions of law are posed.' "[6]  Because neither timeliness nor any other facts relevant to the intervention are in dispute, we apply our independent judgment here.  We conclude that the co-conservators satisfied all four elements and are entitled to intervene as a matter of right, and that denial of their motion was not harmless error.

Regarding the first element, timeliness, "[w]e will not hold that a motion to intervene is untimely if no party raises timeliness as an issue."[7]  Here, no party challenges timeliness on appeal.  Thus, we will consider the co-conservators' motion to intervene timely.

Regarding the second element, the would-be intervenor's interest in the subject matter of the ligation, we have stated that "the requisite interest for intervention as a matter of right must be direct, substantial, and significantly protectable."[8]  Alaska Civil Rule 17 makes it clear that conservators have exactly this type of interest, providing that "[w]henever an . . . incompetent person has a representative, such as a . . . conservator, or other like fiduciary, the representative may sue or defend on behalf of the . . . incompetent person."[9]  The fact that conservators owe fiduciary duties[10] would further strengthen the co-conservators' interest in helping Stahlman make litigation-related decisions and "manage [his] property . . . effectively" to prevent it from

---

**6**      *Harvey v. Cook*, 172 P.3d 794, 798 (Alaska 2007) (quoting *Alaskans for a Common Language*, 3 P.3d at 912).

**7**      *Anchorage Baptist Temple v. Coonrod*, 166 P.3d 29, 33 (Alaska 2007).

**8**      *Weidner*, 684 P.2d at 113.

**9**      Alaska R. Civ. P. 17(c).

**10**     AS 13.26.245 ("[A] conservator shall act as fiduciary . . . .").

being "wasted."[11] Accordingly, we conclude that the co-conservators had the requisite interest.

Regarding the third element, impairment of this interest, the co-conservators allege various deficiencies and fraudulent behavior accompanying the court's entry of judgment on the settlement, which they challenge on Stahlman's behalf. Accordingly, we conclude that their interest was impaired by the denial of the motion to intervene.[12]

Regarding the fourth element, that the interest was not adequately represented by another party, we have stated that " '[i]nadequacy' [may be] proven by a showing of . . . possible nonfeasance, or incompetence."[13] Here, Stahlman was deemed to lack capacity to handle his financial matters[14] and manifestly did not make many of the arguments the co-conservators now raise about the settlement. Accordingly, we conclude that the co-conservators' interest was not adequately represented by another party to the action.

Because the four *Weidner* elements are satisfied, the co-conservators are entitled to intervene as a matter of right.

---

[11]     AS 13.26.165(2).

[12]     *Cf. McCormick v. Smith*, 793 P.2d 1042, 1044 (Alaska 1990) (finding this factor satisfied when the party whom the would-be intervenor supported "lost below").

[13]     *Weidner*, 684 P.2d at 113. *See also Mundt v. Nw. Expls., Inc.*, 947 P.2d 827, 831 (Alaska 1997) (finding this factor satisfied when one party had "no particular interest in arguing [an issue important to the would-be intervenor] to the court below, and . . . in fact did not do so vigorously").

[14]     Under AS.13.26.165, a conservator may be appointed for a person "for reasons such as mental illness, mental deficiency, physical illness or disability, advanced age, chronic use of drugs, chronic intoxication, fraud, confinement, detention by a foreign power, or disappearance." The record indicates that many of these reasons applied to Stahlman's situation.

Denial of the co-conservators' motion to intervene was not harmless error. If the co-conservators had been able to intervene, they could have sought relief from judgment under Alaska Civil Rule 60(b), which allows a court to grant such relief "upon such terms as are just."[15] The rule provides at least three possibly applicable bases for relief: "mistake, inadvertence, surprise or excusable neglect"; "fraud . . . , misrepresentation, or other misconduct of an adverse party"; or a void judgment.[16] Although the superior court has discretion in ruling on motions for relief from judgment,[17] we observe that the co-conservators allege facts that, if proven, may allow them to prevail on such a motion.[18]

## IV. CONCLUSION

For the reasons explained above, we REVERSE the superior court's denial of the motion to intervene and REMAND this case to the superior court for further proceedings.

---

[15] Alaska R. Civ. P. 60(b).

[16] *Id.*

[17] *Williams v. Williams*, 252 P.3d 998, 1004 (Alaska 2011).

[18] We further observe, without deciding, that the co-conservators may have alleged facts sufficient to require an evidentiary hearing.