**HARTFORD ACCIDENT AND INDEMNITY COMPANY and Dravo Corporation, Petitioners,**

**v.**

**STATE of Alaska for the Use and Benefit of CONSOLIDATED CONSTRUCTION COMPANY, and Fireman's Fund American Insurance Company, Respondents.**

No. 1693.

Supreme Court of Alaska.

June 16, 1972.

L. R. Carlson of Merdes, Schaible, Staley & DeLisio, Fairbanks, for petitioners.

H. Bixler Whiting, Fairbanks, for respondents.

Before BONEY, C. J., and RABINOWITZ, CONNOR, ERWIN and BOOCHEVER, JJ.

OPINION

ERWIN, Justice.

Petitioners seek review of a superior court order denying as untimely their motion to peremptorily disqualify, under the provisions of AS 22.20.022, Superior Court Judge Warren Wm. Taylor from presiding over the trial of the action below. Review is granted under the provi-

sions of Supreme Court Rule 23(e)[1] since by that denial "the superior court has so far departed from the accepted and usual course of judicial proceedings . . . as to call for this court's power of supervision and review."[2]

■ Under AS 22.20.022[3] the filing of a timely affidavit in compliance with the statute operates to bar the judge from proceeding any further in the matter other than transferring the case to another judge. Channel Flying, Inc. v. Bernhardt, 451 P.2d 570, 574 (Alaska 1969). "[T]he disqualification is peremptory, i.e., it is at once decisive and conclusive and does not admit of any question." *Id.* (footnote omitted). *See also* Roberts v. State, 458 P.2d 340, 345–346 (Alaska 1969). Therefore, if petitioners' affidavit was timely filed, the judge involved is without power or jurisdiction to proceed further with the action.

The time for filing a proper affidavit is provided for in AS 22.20.022(c) as follows:

The affidavit shall be filed within five days after the case is at issue upon a question of fact, or within five days after the issue is assigned to a judge, whichever event occurs later, unless good cause is shown for the failure to file it within that time.

Petitioners do not claim that they filed a proper affidavit within five days after the case was at issue upon a question of fact.[4] Rather, petitioners assert that their affidavit and accompanying motion to disqualify were filed prior to the expiration of five days after the issue had been assigned. The motion was denied as untimely on the basis of the practice within the Fourth Judicial District of assigning pending cases jointly to the three superior court judges sitting in that district.[5]

1. Supreme Ct.R. 23(e) provides for review of a nonappealable order "[w]here postponement of review until an appeal may be taken from a final judgment will result in injustice because of impairment of a legal right . . . ." In Channel Flying, Inc. v. Bernhardt, 451 P.2d 570, 576 (Alaska 1969), we held that AS 22.20.022 "creates and defines a right—the right to have a fair trial before an impartial judge."

2. Supreme Ct.R. 24(3).

3. AS 22.20.022(a) provides:
    If a party or his attorney in a district court action or a superior court action, civil or criminal, files an affidavit alleging under oath that he believes that he cannot obtain a fair and impartial trial, the presiding district court or superior court judge, respectively, shall at once, and without requiring proof, assign the action to another judge of the appropriate court in that district, or if there is none, the chief justice of the supreme court shall assign a judge for the hearing or trial of the action. The affidavit shall contain a statement that it is made in good faith and not for the purpose of delay.

4. In Channel Flying, Inc. v. Bernhardt, 451 P.2d 570, 573–574 (Alaska 1969), we had occasion to discuss when a case is "at issue upon a question of fact," the

alternative event which, if it occurs after the case is assigned to a judge, will start the running of the five-day period.

5. For the purpose of determining the timeliness of motions to disqualify filed pursuant to AS 22.20.022, the assignment of cases within the Fourth Judicial District is governed by an order of the presiding judge of that district. The order provides in relevant part:
    Commencing at 8:00 a. m., February 22, 1971, all pending cases, civil and criminal, not at issue will be assigned jointly to Judges Warren W. Taylor, Everett W. Hepp and Gerald J. Van Hoomissen on the date that the case is at issue. This assignment shall continue for ten (10) days.
    On the date a case is first at issue on a question of fact, this order effects an automatic ten-day joint "assignment" to the three superior court judges sitting in the Fourth Judicial District. A litigant then has ten days within which to file a disqualifying affidavit as to one of the three judges who might preside over the action. As indicated by the following statement by the presiding superior court judge of the Fourth Judicial District, any disqualifying affidavits filed after the passage of the ten-day period is deemed untimely.:
    In relation to the local practice of exercising the right of peremptory disqualification of judges, counsel have

■ We hold that an action is not "assigned to *a* judge" within the meaning of AS 22.20.022(c) until it has been assigned to a particular judge and a reasonable attempt has been made to notify the parties before the court of that assignment.[6]

■ The assignment of cases in a multi-judge court is an administrative matter committed to the discretion of the presiding judge. As an appellate court it is not normally our function to interfere with the exercise of that discretion.[7] However, because the administrative method of assigning cases affects substantial rights of litigants under AS 22.20.022, we are constrained to again repeat the following language from Roberts v. State, 458 P.2d 340, 346 (Alaska 1969):

> The obvious purpose of this five day requirement is to avoid a waste of judicial time which would result if an affidavit of disqualification were not filed until the day of the trial, because this would mean that the case would have to be continued until another judge could be assigned, and the disqualified judge would probably not be ready at that time to start the trial of another action. *A method should be devised and utilized to make assignments of cases to judges sufficiently in advance of trial or hearing, with notice of the assignment being given to the parties, so that the parties can be afforded their rights under AS 22.20.-022 without interfering with scheduled hearing or trial dates.* (emphasis added)

*See also* Pope v. State, 478 P.2d 801, 803 n. 1, 804 (Alaska 1970).

ten (10) days after the filing of a responsive pleading or the entry of a plea of not guilty to exercise their peremptory challenge. At the time the issues are joined the case is assigned jointly to all three judges of the Fourth Judicial District.

In this case the cause was apparently orally assigned to Judge Taylor for a hearing and a motion to disqualify was filed within five days of the oral assignment. No written assignment appears in the record on appeal.

The order of the superior court denying petitioners' motion to disqualify Judge Warren Wm. Taylor is reversed and the case remanded for further proceedings in conformity with this opinion.

6. *Cf.* Marsin v. Udall, 78 Ariz. 309, 279 P.2d 721, 723 (1955); Tarsey v. Dunes Hotel, Inc., 75 Nev. 364, 343 P.2d 910, 911–912 (1959); Wolf v. Marshall, 120 Ohio St. 216, 165 N.E. 848, 849 (1929); State ex rel. Beeler v. Smith, 76 Wash. 460, 136 P. 678 (1913). *But cf.* State ex rel. Eden v. Schneider, 102 Mont. 286, 57 P.2d 783, 785–786 (1936).

7. Roberts v. State, 458 P.2d 340, 346 (Alaska 1969).