**Thelma GREGOR, Appellant,**

v.

**Ronald D. HODGES, Appellee.**

**No. 2110.**

Supreme Court of Alaska.

June 27, 1980.

Edward T. Noonan, Law Offices of Charles E. Cole, Fairbanks, for appellant.

Daniel T. Saluri, Johnson, Christenson & Associates, Anchorage, for appellee.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and CRASKE, Superior Court Judge.

## OPINION

**PER CURIAM.**

On August 30, 1978, Ronald Hodges filed an action in superior court in Fairbanks alleging that Thelma Gregor had fraudulently obtained and refused to return a piece of land and other assets belonging to Hodges. After Gregor failed to respond to service of the summons and complaint within 23 days as allotted under Alaska Rule of Civil Procedure 4(e)(5) and Alaska Rule of Civil Procedure 6(c), the superior court entered a default judgment against Gregor for $4,194.00, and granted injunctive relief requiring Gregor to convey the parcel of real property to Hodges. Gregor learned of this judgment on November 29, and moved to set it aside on December 22. Hodges opposed the motion, stating that Gregor's accompanying affidavit was too vague to support a finding of "excusable neglect" under Alaska Rule of Civil Procedure 60(b)(1).

The trial court allowed the default judgment to stand. On appeal, Gregor contends that the trial judge abused his discretion in refusing to set aside the default judgment. We agree.

Alaska Rule of Civil Procedure 55(e) provides:

*Setting Aside Default.* For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Alaska Rule of Civil Procedure 60(b) provides, in part:

*Mistakes—Inadvertence—Excusable Neglect—Newly Discovered Evidence—Fraud—Etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

1) mistake, inadvertence, surprise, or excusable neglect;

·   ·   ·   ·   ·

6) any other reason justifying relief from the operation of the judgment.

Relief under Rule 60(b) generally requires the allegation of a reason, such as excusable

neglect, for not answering on time, and a meritorious defense, *Balchen v. Balchen,* 566 P.2d 1324, 1328 (Alaska 1977). Denial of such relief will be overturned if the trial court abuses its discretion, *Gravel v. Alaskan Village, Inc.,* 423 P.2d 273, 277 (Alaska 1967), *i. e.,* if we are "left with the definite and firm conviction on the whole record that the trial judge has made a mistake." *Corso v. Commissioner of Education,* 563 P.2d 246, 248 (Alaska 1977) (footnote omitted).

In the case at bar, Gregor submitted an affidavit containing the following pertinent allegations. At the time of service of the summons, Gregor, a woman of over 60 years of age, was bedridden with a broken ankle and pneumonia, was under the influence of pain medication prescribed by her doctor, and did not expect a lawsuit nor understand that the papers were important. After learning that they were she contacted a series of three attorneys, all of whom were unable to represent her for various reasons.[1] Upon receiving notice of the default judgment, Gregor took immediate steps to have it set aside. These included submission of a proposed answer to the original complaint which alleged that Gregor had purchased Hodges' property for $10,000.00.

The forfeiture of real property would be a harsh sanction to impose for Gregor's neglect if her defense were indeed meritorious. The rules authorizing courts to vacate default judgments were designed to allow disposition of cases on the merits wherever possible to avoid this type of hardship. *See, e. g., General Telephone Corp. v. General Telephone Answering Service,* 277 F.2d 919 (5th Cir. 1960).

We believe this is the sort of situation for which the use of Rules 55(e) and 60(b) was envisioned. Gregor's delay was not long,

nor has it been shown to have been prejudicial to Hodges. Gregor alleged a meritorious defense, and her showing of excusable neglect with its elements of illness and difficulty in obtaining counsel[2] is sufficient so that we are "left with the definite and firm conviction on the whole record that the trial judge made a mistake." Accordingly, the default judgment should be set aside.

We believe that the following terms should be imposed as conditions of setting aside the judgment:

1. That *pendente lite* Hodges be allowed to remain in possession of the real property in question and retain the money he has received through execution on the default judgment;[3]

2. That Hodges be paid reasonable costs and attorney fees expended up to the point at which Gregor made her motion to set aside the judgment.

REVERSED AND REMANDED.

BOOCHEVER, J., not participating.

---

1. While it is not clear from the record how long a delay was occasioned by Gregor's unsuccessful attempts to obtain counsel, Gregor states that she did not receive her refusal from the third attorney contacted until after the default judgment was entered.

2. These factors have been regarded as sufficient considerations to justify setting aside default judgments. *See, e. g., Butner v. Neustadter,* 324 F.2d 783 (9th Cir. 1963); *Wolfsohn v. Raab,* 11 F.R.D. 255 (E.D.Pa.1951); and cases cited in 10 Wright, Federal Practice and Procedure, §§ 2695–96 (West 1973).

3. These conditions were suggested by Gregor's counsel at oral argument.