**In the Matter of Phillip E. BENSON.**

**Regarding Sanctions Imposed In** *Freed v. Miller,* **Superior Court No. 3AN–87–918 CIVIL.**

No. S–3863.

Supreme Court of Alaska.

Aug. 30, 1991.

Linda P. MacLean, La Verne, Cal., for appellant.

Peter W. Giannini, pro se.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

OPINION

PER CURIAM.

This appeal arises out of a motion to disqualify opposing counsel which was filed in connection with a prejudgment attachment hearing.

Prior to the commencement of the November 23, 1987 hearing, Thomas Angell informed Phillip Benson, counsel for plaintiff Oscar Freed, that Peter Giannini, counsel for defendant Terry Miller, was the same attorney who had advised Freed, Miller, and Angell when they had mutual business interests. Freed, Miller and Angell had entered a limited partnership for the purpose of forming a corporation, which was to purchase and operate certain properties. The failure of the limited partnership led to the underlying prejudgment attachment proceeding between Freed and Miller. Based upon Angell's statement, Benson apprised the superior court of Giannini's potential conflict.

The superior court acknowledged that it was appropriate for Benson to raise the issue of Giannini's potential conflict of interest. The superior court then gave Benson until noon of the following day to file a

---

formal motion to disqualify Giannini, if Benson considered it necessary.

On November 24, 1987, Benson filed a motion to disqualify Giannini. In support of the motion, Benson filed Angell's affidavit. In his affidavit, Angell stated as follows:

1. My present address is 2528 Casa Grande Court, Walnut Creek, CA 94598.

2. During the year 1984–1985, I was one of the directors and officers of General Concessions, Inc. The two other officers and directors were Oscar J. Freed and Terry Miller.

3. During the existence of General Concessions, Inc. which was devised for the purpose of forming a limited partnership for the sale of shares involving the Jams Restaurants in Alaska, among other things, routine legal advice, legal documentation, and counseling was provided to the General Concessions, Inc. entity by Peter Giannini regarding legal maters [sic] pertaining to General Concessions, Inc. on several occassions [sic] on the telephone and in his office. Peter Giannini's representation extended to all the officers and directors of General Concessions, Inc. in his position as advisor to the entity which is now the subject of litigation in the above captioned case between two former members, officers, and directors of that entity.

Giannini opposed the motion. He also requested costs and sanctions against Benson for making the disqualification motion. The superior court denied Benson's motion to disqualify Giannini and deferred ruling on Giannini's request for costs and sanctions.

Approximately one year later, Giannini renewed his motion for sanctions against Benson. After a hearing, the superior court granted Giannini's motion for imposi-

tion of Civil Rule 11 sanctions, ordering that Benson pay Giannini's reasonable attorney's fees in the amount of $2,086.50 plus interest.

This appeal followed.

DISCUSSION

At the time the superior court imposed Rule 11 sanctions against Benson, Rule 11 provided in part as follows:

The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless expense in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction....[1]

Thus, the issue in this appeal is whether the superior court abused its discretion in imposing Rule 11 sanctions against Benson.[2] We hold that it did.

The Advisory Committee notes to the federal version of Rule 11 states, "[t]he court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." Advisory Comm. Note, 97 F.R.D. 196, 199 (1983). *See Alaska Fed. Sav. & Loan Ass'n of Juneau v. Bernhardt,* 794 P.2d 579, 583 (Alaska 1990); *see Alaska State Employ-*

---

1. The mandatory sanction provision has been deleted from the rule. *See* Supreme Court Order 1009 (October 12, 1989, effective January 15, 1990).

2. We review the award of sanctions under Rule 11 for abuse of discretion. *Keen v. Ruddy,* 784 P.2d 653, 658 (Alaska 1989). Under this standard, the court "reviews all factors relevant to the issue of whether the attorney's inquiry into

facts and law was reasonable...." *Id.* Reversal is appropriate only when this court is left with a "definite and firm conviction on the whole record that the trial judge made a mistake." *Alaska Fed. Sav. & Loan Ass'n of Juneau v. Bernhardt,* 794 P.2d 579, 582 (Alaska 1990) (quoting *Gregor v. Hodges,* 612 P.2d 1008, 1010 (Alaska 1980) (per curiam)).

*ees Ass'n v. Alaska Pub. Employees Ass'n,* 813 P.2d 669 at 671, n. 5 (Alaska 1991). Given the content of Angell's affidavit, we conclude that there is no record support for the imposition of Rule 11 sanctions against Benson. Angell's affidavit demonstrates that the disqualification motion "is well grounded in fact." Further, under the stringent time constraints imposed by the superior court, it cannot be said that Benson failed to make a reasonable inquiry before determining to file a motion to disqualify Giannini.

REVERSED.