**Richard J. MELENDREZ, Appellant,**

v.

**Dale M. BODE and Nadja D. Bode, Appellees.**

**No. S–6879.**

Supreme Court of Alaska.

July 25, 1997

---

David W. Rosendin, Ketchikan, for Appellant.

Kevin G. Miller, Ketchikan, for Appellees.

Before COMPTON, C.J., and RABINOWITZ, MATTHEWS, EASTAUGH, and FABE, JJ.

## OPINION

COMPTON, Chief Justice.

## I. INTRODUCTION

Dale Bode and Nadja Bode sued to quiet title to property that Richard Melendrez formerly had owned. Melendrez did not respond to the complaint, and the court entered his default. Melendrez then appeared and opposed the Bodes' application for a default judgment. Nevertheless, the superior court entered a default judgment for the Bodes. Melendrez appeals. We reverse.

## II. FACTS AND PROCEEDINGS

In September 1988, Melendrez sold property to Miles Bainter and Patricia Bainter. The purchase price was $75,000. The Bainters paid $15,000 as a down payment and were to pay Melendrez the balance in annual installments.[1] The Bainters made several payments, the last of which was in September 1991. Payments reduced the principal balance due to approximately $39,715. The Bainters made no further payments to Melendrez, because they "were unsure of his whereabouts" and had "learned that Melendrez was trying to sell the property or his interest in [the] contract."

In April 1993, the Bainters quitclaimed their interest in the property to David Gubser and Karen Gubser. In May, the Gubsers offered to pay Melendrez the remaining balance on the original sales contract in exchange for a quitclaim deed from him. Melendrez did not respond to their offer. In June, the Gubsers quitclaimed their interest in the property to the Bodes.

---

1. The sales contract contains a clause prohibiting the Bainters' assignment of the contract and a clause granting Melendrez the right to reenter and take possession of the property in the event of the Bainters' default. The sales contract further provides that Melendrez would execute a deed quitclaiming the property to the Bainters and would deliver that deed to them "upon the fulfillment of Buyer's obligations to Seller." There is no such deed in the record. The Bainters did record the contract. However, Melendrez apparently remained the record owner of the property, as he was billed for real property taxes.

On April 4, 1994, the Bodes filed, in superior court, a complaint to quiet title. On April 6, Melendrez was served with the complaint.[2] On May 5, the clerk entered Melendrez's default.[3] On May 12, counsel for Melendrez entered his appearance in superior court. On July 1, the Bodes requested the court "to enter a default judgment against the Defendants quieting title in Plaintiffs on payment to Defendant, Richard J. Melendrez of $28,-231.32." On July 8, Melendrez answered the Bodes' complaint. On July 13, he moved to set aside the entry of default.

In November the superior court entered a default judgment quieting title in the Bodes. The court deleted a paragraph in the Bodes' proposed order requiring the Bodes to pay Melendrez "$28,231.32 in full satisfaction of all amounts due Melendrez by virtue of the original Contract for Sale," noting that "[t]he payment to Melendrez was not pleaded and therefore cannot be the subject of a default judgment." Melendrez moved the court to reconsider the judgment or to amend it to include a money judgment in his favor. The court refused.[4] Melendrez appeals.[5]

## III. DISCUSSION

### A. Standard of Review

▮ This court reviews the superior court's refusal to set aside the entry of default and its entry of a default judgment for an abuse of discretion. See Murat v. F/V Shelikof Strait, 793 P.2d 69, 73 (Alaska 1990); Peter Pan Seafoods v. Stepanoff, 650 P.2d 375, 378–79 (Alaska 1982). "An abuse of discretion will only be found by this court when we are left with a definite and firm conviction, after reviewing the whole record, that the trial court erred in its ruling." Peter Pan Seafoods, 650 P.2d at 378–79.

### B. The Default Judgment

▮ The Bodes admit that their right to quiet title in the property should be conditioned on the payment of $28,231.32 to Melendrez. The superior court abused its discretion by unconditionally granting quiet title in the Bodes.

Alaska Rule of Civil Procedure 54(c) provides in part: "A default judgment shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." This court interpreted Rule 54(c) in Oaks v. Grocers Wholesale, Inc., 377 P.2d 1001 (Alaska 1963). Oaks gave a promissory note, secured by certain property, to Grocers. Id. at 1002. When Oaks defaulted on the note, Grocers sued. Id. In its prayer for relief, Grocers requested a foreclosure and sale of the mortgaged property. Id. When Oaks failed to answer the complaint, Grocers obtained a default judgment on the note. Id.

This court concluded that the default judgment was improper because Grocers' demand for judgment sought only foreclosure, not a money judgment against Oaks:

> The rule [54(c)] says clearly that a judgment by default shall not be different in

---

**2.** The Bodes contend that Melendrez was served. Melendrez "strongly dispute[s]" this contention. In light of the declaration of service by the process server, and Melendrez's admission that he "was approached by a male individual who asked if I was Richard Melendrez, and I heard Mr. Bode's voice talking to me, and I got up and left the restaurant," the only reasonable conclusion is that Melendrez was served, but refused to accept the papers. See Nielsen v. Braland, 264 Minn. 481, 119 N.W.2d 737 (1963) ("If the process server and the defendant are within speaking distance of each other, and such action is taken as to convince a reasonable person that personal service is being attempted, service cannot be avoided by physically refusing to accept the summons.").

**3.** The clerk entered the remaining parties' default on June 28.

**4.** The court observed:

> Whether Melendrez is owed payment under a contract is not an issue that was properly placed in issue in this litigation. Whether it should have been pleaded, and whether the judgment in this case is a bar to pleading it in a different case, are questions the court does not decide in this case.

**5.** In his "Statement of Issue Presented for Review," Melendrez asserts only that the superior court erred "in denying [his] motion to set aside the Clerk's entry of default prior to the Superior Court's entry of default judgment against [him]." Whether the superior court's default judgment was erroneous is a distinct argument, and Melendrez perhaps should have separately addressed it. However, the omitted argument reasonably can be viewed as implicit in the argument Melendrez makes.

kind from that prayed for in the demand for judgment. There is no doubt that the demand for judgment is a portion of the complaint distinct from the statement of the claim, since it is specifically required to be included in the complaint under Civ. Rule 8(a). It is this demand, and not the complaint as a whole, that determines the relief which may be granted in a judgment by default.

. . . .

Rule 54(c) is an absolute ban against the entry of any judgment by default which is different in kind from that prayed for. If a judgment is entered in violation of the rule, then it is clearly erroneous and invalid.

*Id.* at 1003 (footnotes omitted).

In their prayer for relief, the Bodes requested that the court declare that they own the property in fee simple and that the defendants have no estate, right, title, lien, or interest in the property. They did not mention in their prayer that Melendrez may be entitled to a payment. Although the superior court did not cite *Oaks*, its decision to eliminate the payment provision from the default judgment is a strict application of the rule enunciated there: the Bodes did not provide for a payment to Melendrez in their prayer for relief, therefore the default judgment *cannot include such a payment.*

The superior court's strict application of the rule contravened the purpose of Rule 54(c) and the holding in *Oaks.* Rule 54(c) and the holding in *Oaks* were fashioned to prevent a plaintiff from seeking a default judgment different in kind or more extensive than that sought in the complaint. *See Oaks,* 377 P.2d at 1002. Absent such a rule, defendants would have to defend every lawsuit. Otherwise, a defendant could find himself, as did Oaks, held to answer for a judgment greater than that anticipated (on the basis of the plaintiff's prayer for relief).

In this case, in contrast to *Oaks,* the plaintiffs sought *less* extensive relief in their default judgment request than they did in their complaint. In their complaint the Bodes asked the court to declare them fee simple owners of the property, free of any liens or encumbrances or payment obligations. In their default judgment request, the Bodes asked the court to declare them fee simple owners of the property free of any liens or encumbrances, upon their payment to Melendrez of $28,231.32. The relief sought in the complaint and in the default judgment request are not "different in kind": in both the Bodes sought quiet title to the property. Nor does the relief in the latter "exceed in amount" that sought in the demand for judgment. From the Bodes' perspective, the relief sought in the application for default judgment is less extensive: quiet title, but only after they make a substantial payment to Melendrez.[6]

A default judgment that grants lesser relief than that sought in the prayer for relief poses no danger of prejudice to the defaulting defendant. The prayer puts the defendant on notice of his or her potential liability in the lawsuit. If the defendant chooses to default in the face of that liability and the default judgment entered is for a lesser amount, the result may be a windfall to the defendant. Thus, such a default judgment is consistent with the rationale behind Rule 54(c) and the holding in *Oaks.* Indeed, limiting the plaintiff's relief to that requested in the application for a default judgment is fully consistent with the overarching principle that the court should not grant a litigant more than the litigant has requested.

### C. *The Refusal to Set Aside the Entry of Default*

▮▮▮ Our conclusion that the default judgment was error does not resolve the question whether the superior court erred in refusing to set aside the entry of default.

---

**6.** It is important to note that the $28,231.32 amount specified by the Bodes was not the only amount on which the superior court could enter a default judgment. Alaska Civil Rule 55(c)(1) specifically provides that

If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper.

That is, the superior court justifiably may have refused Melendrez's motion and properly proceeded to enter a default judgment, but entered an erroneous judgment. Alaska Civil Rule 55(e) provides that "[f]or good cause shown the court may set aside an entry of default." Whether the defendant has shown "good cause" is a question of equity, left to the discretion of the trial court. *Hertz v. Berzanske*, 704 P.2d 767, 771 (Alaska 1985). However, a meritorious defense is one of the elements the trial court must consider in setting aside an entry of default.

In exercising its discretion to set aside an entry of default, a court should consider the following factors: whether the defendant has established the required meritorious defense, prejudice to plaintiffs, the culpability of defendant's conduct, the length of the period of default, the size of any potential award to plaintiffs, and alternative sanctions against the defendant. The court should also consider whether the parties had prior contact such that the plaintiff should have given defendant notice that a default would be sought. Disposition of a case on the merits is strongly favored.

*Id.*

■ The meritorious defense requirement demands "something more than a perfunctory statement that a meritorious defense exists." *Id.* at 772. It demands a showing that if relief is granted, the outcome of the suit may be different from the outcome obtained if the entry of default is allowed to stand. *Id.* To satisfy the "different outcome" standard, the defendant need not show that the prevailing party will be different; it is enough if the defendant demonstrates a defense that may substantially reduce the plaintiff's award. *See id.*

Although Melendrez's briefing on the subject leaves much to be desired, he offered enough evidence to show a meritorious defense according to the above standard. He argued that the original purchasers, the Bainters, had no interest to transfer, because they defaulted on their obligations. The fact that there is no deed transferring Melendrez's interest to the Bainters supports this argument. Thus he may be able to show

that the Bodes are not entitled to quiet title. Melendrez also plausibly argued that the amount he is owed on the contract is greater than the $28,231.32 the Bodes admit to owing.

The other factors do not weigh clearly on one side of the scale. The prejudice to the Bodes is not great; their chief allegation of prejudice is that they have "undergone considerable effort and expense in pursuing this matter and obtaining the Entry of Default." *See Hertz*, 704 P.2d at 773 ("The mere fact that the nondefaulting party will be required to prove his case without the inhibiting effect of the default upon the defaulting party does not constitute prejudice which should prevent a reopening."). The size of the potential award to the Bodes is substantial, considering the value of the property and the resources of Melendrez. Additionally, as an alternative sanction, the court could have preconditioned setting aside the default on Melendrez reimbursing the Bodes for the costs they incurred in obtaining the default.

On the other hand, Melendrez is entirely culpable for the entry of default. He attempted to avoid service. After he had been served, he failed to respond to the summons and complaint, claiming, incredibly, that he was unaware there was a suit pending against him. Moreover, the length of the default, more than two months (May 5 to July 13), is substantial, and Melendrez offers no persuasive explanation for the two-month delay between his counsel's entry of appearance and his motion to set aside the entry of default. Given Melendrez's culpability regarding entry of the default, and his unexplained delay in moving to set aside the default, we conclude that the court did not abuse its discretion in refusing to set aside the default.

## IV.  CONCLUSION

The superior court's denial of Melendrez's motion to set aside the entry of default is AFFIRMED. The default judgment is REVERSED and the case REMANDED for a determination of the payment to which Melendrez is entitled.

FABE, Justice, dissenting.

While I agree with the court's conclusion that the trial court erred in granting the Bodes greater relief than they sought in their application for default judgment, I believe that the trial court also abused its discretion by denying Melendrez's motion to set aside the entry of default.[1] The factors in *Hertz v. Berzanske*, 704 P.2d 767, 771 (Alaska 1985), and the relevant policy considerations support trying this case on the merits.

Under the court's own analysis, four of the six *Hertz* factors weigh in favor of setting aside the entry of default in this case. Op. at 1257–1258. As the court points out, Melendrez raised a meritorious defense, any prejudice to the Bodes was not great, the amount at stake is substantial, and alternative sanctions could easily be imposed. Op. at 1258. Counsel for Melendrez entered an appearance in the case one week after default was entered and just five weeks after the complaint was served on Melendrez. Although two months elapsed before a motion to set aside entry of default was forthcoming, this brief delay does not justify the trial court's actions in the context of this case. During the two months between the entry of default and the motion to set it aside, the court did not take any action on the case, nor did the delay prejudice the Bodes, who were apparently already in possession of the property. Indeed, the trial court did not grant the Bodes' request to enter judgment until four months after Melendrez moved to set the entry of default aside.

Admittedly, Melendrez is at fault for apparently attempting to avoid service and failing to respond to the summons and complaint. However, depriving him of a chance to prove his defense to the quiet title action is a harsh penalty for his behavior. *See Gregor v. Hodges*, 612 P.2d 1008, 1010 (Alaska 1980) (stating that, under the Rule 60(b) standard, the "forfeiture of real property would be a harsh sanction to impose for [defendant's] neglect if her defense were indeed meritorious"). In addition, as the court notes, Op. at 1258, any harm caused by his conduct can be adequately remedied by requiring him to reimburse the Bodes for the cost of obtaining the default and by such other corrective sanctions as the trial court may deem appropriate. *See Hertz*, 704 P.2d at 773 & n. 8.

This position also finds support in the "strong policy favoring resolution of cases on their merits." *Id.* at 773; *accord Peter Pan Seafoods, Inc. v. Stepanoff*, 650 P.2d 375, 380 (Alaska 1982) (stating that "a trial on the merits is always preferred over a default judgment"). This policy is particularly compelling in the context of a motion to set aside an entry of default. As the *Hertz* court pointed out, "the 'good cause' standard for setting aside a default entry is more flexible and lenient than the Rule 60(b) standard for setting aside a default judgment." 704 P.2d at 770. The entry of default, after all, is "simply an interlocutory order that in itself determines no rights or remedies." *Id.* at 770. Therefore, in close cases, "all doubts should be resolved in favor of the party seeking relief." 10 Charles Alan Wright *et al., Federal Practice and Procedure* § 2693, at 485 (1983).

In conclusion, I would hold that the superior court abused its discretion by refusing to set aside the entry of default.

---

1. Assuming that the court's holding in Part III.C is correct, I also note an inconsistency in the opinion. The opinion's conclusion implies that the only issue on remand is "a determination of the payment to which Melendrez is entitled." Op. at 1258. As I read Alaska Civil Rule 55(c)(1) and *Peter Pan Seafoods, Inc. v. Stepanoff*, 650 P.2d 375, 378 (Alaska 1982), the superior court must determine whether the Bodes are entitled to *any* of the relief they seek. Thus, on remand, the superior court must determine whether the Bodes are entitled to a judgment quieting title before it decides the amount the Bodes owe Melendrez.